UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| STEPHANIO LEON COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 6:25-CV-00001-CHB-MAS |
| | ) |
| RICARDO SANTOSCRUZ, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Pro se Plaintiff Stephanio Leon Cole filed a Complaint asserting 42 U.S.C. § 1983 claims against Defendant on January 2, 2025. Cole has not participated in this lawsuit since May 7, 2025. [DE 34]. On December 8, 2025, the Court ordered Cole to show cause why his case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and the Order was returned undeliverable. It is a plaintiff's responsibility to change his address with the Clerk of Court so that the Court and opposing parties may contact him. LR 5.3. As the Court previously warned Cole, failure to do so may result in dismissal of the case. LR 5.3. Cole's last known address in the docket was the Bell County Detention Center. The Bell County Detention Center's website no longer lists Cole as an inmate.[1]

---

[1] BELL COUNTY DETENTION CENTER, https://www.bellcountydetention.com/ (last visited Jan. 21, 2026).

Cole instituted this lawsuit, and he has an obligation to participate in it. *See* FED. R. CIV. P. 41(b). District Courts have the authority to *sua sponte* dismiss actions for failure to prosecute under Rule 41(b). *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 362-62 (6th Cir. 1999)). "Dismissal of a claim for failure to prosecute is a harsh sanction" that courts should only order after giving the Plaintiff adequate opportunity to prosecute its case. *Id.* at 726. When deciding whether dismissal under Rule 41(b) is warranted, courts should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel.,* 176 F.3d 359, 363 (6th Cir.1999) (citation omitted). Here, these factors are met. The first factor is met when a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Cole failed to respond to the Court's show cause order [DE 46] and the Court's Order to file discovery plans [DE 42 and 43]. Cole has taken no action in this case in eight months. [DE 32].

Second, the defendants have expended resources to defend this action, including filing a Rule 26(f) Report, without the participation of Cole. [DE 43]. Even assuming minimal prejudice due to the early procedural posture of the case, the defendants cannot be expected further to expend time and resources given Cole's abandonment of the case. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."). Thus, the second factor weighs in favor of dismissal.

Third, Cole was expressly warned in the Court's show cause order on December 8, 2025, that his failure to respond and update his address would result in the undersigned recommending dismissal of this action. [DE 46]. Despite the warning and the Court and defense counsels' attempts to contact him [see DE 43], Cole has not contacted the Court in any way to express his intention to proceed with this case or update his mailing address. This factor favors dismissal.

Finally, Cole's failure to respond to the Court's show cause order or filing anything in this case since May 2025 "renders the imposition of lesser sanctions unlikely to prompt even dilatory compliance." *Patton v. Phillips*, No. 7:22-cv-23-REW, 2022 WL 2980343, at *2 (E.D. Ky. July 28, 2022). Moreover, "dismissal without prejudice is an appropriate sanction in this situation, as it balances the court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" *Cornett v. Dobson*, 338 F.R.D.

97, 99 (E.D. Ky. 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n.5 (6th Cir. 2004)).  This is particularly true considering the undersigned is recommending dismissal, providing Cole one last opportunity to respond and object to dismissal of his case before finality of any action by the District Court.

For these reasons, the Court **RECOMMENDS** the District Court *sua sponte* **DISMISS** without prejudice all claims pursuant to LR 5.3 and FED. R. CIV. P. 41(b) in this matter for lack of prosecution for the reasons stated herein.  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.  As defined by § 636(b)(1), FED. R. CIV. P. 72(b), and local rule, within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration.

Signed this the 21st of January, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY