UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| STEPHANIO LEON COLE, | ) |
| Plaintiff, | ) Civil Action No. 6:25-CV-001-CHB-MAS |
| v. | ) |
| | ) **ORDER ADOPTING MAGISTRATE** |
| RICARDO SANTOSCRUZ, *et al.*, | ) **JUDGE'S REPORT AND** |
| | ) **RECOMMENDATION** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett, [R. 48]. The Report and Recommendation addresses Plaintiff Stephanio Leon Cole's Second Amended Complaint asserting claims against Defendants pursuant to 42 U.S.C. § 1983. *See* [R. 14]. Defendants answered at [R. 22] and [R. 39]. Since Plaintiff filed a Motion to Appoint Counsel on May 7, 2025, *see* [R. 32], Plaintiff has taken no other action in this lawsuit. As a result, on December 8, 2025, the Magistrate Judge entered a show cause order directing Plaintiff to explain why his case should not be dismissed for failure to prosecute, and that order was returned as undeliverable. [R. 46; R. 47]. Plaintiff has filed no notice indicating a change of address, and the Bell County Detention Center no longer lists him as an inmate.[1] Accordingly, the Magistrate Judge's Report and Recommendation recommends that Plaintiff's action be dismissed without prejudice as to all claims for failure to prosecute pursuant to Local Rule 5.3 and Federal Rule of Civil Procedure 41(b). [R. 48]. Neither party filed objections to the Report and Recommendation, and the time to do so has passed, making the matter ripe for

---

[1] BELL COUNTY DETENTION CENTER, https://www.bellcountydetention.com/ (last visited Feb. 10, 2026).

review. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and dismiss Plaintiff's action without prejudice.

In the Report and Recommendation, the Magistrate Judge notes that federal courts have the authority to sua sponte dismiss actions for failure to prosecute under Rule 41(b), but that this "harsh sanction" should only be awarded after the Plaintiff is provided adequate opportunity to prosecute his case. [R. 48, p. 2] (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 726 (6th Cir. 2008)). Under the Sixth Circuit's test for determining whether dismissal is warranted under Rule 41(b), four factors are considered:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir.1999) (citation omitted). The Magistrate Judge finds that these factors are met here. [R. 48, p. 2].

First, the Magistrate Judge finds Plaintiff meets the first factor because his failure to respond to the Court's Show Cause Order, [R. 46], and order to file discovery plans, [R. 42; R. 43], demonstrates a "reckless disregard for the effect of [his] conduct on [judicial] proceedings." [R. 48, p. 2 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))]. According to the Magistrate Judge, Plaintiff meets the second factor because "the defendants have expended resources to defend this action, including filing a Rule 26(f) Report, without the participation of [Plaintiff]." *Id.* at 3. Plaintiff also meets the third factor because he "was expressly warned in the Court's show cause order on December 8, 2025, that his failure to respond and update his address would result in" the recommended dismissal of the action. *Id.* Lastly, Plaintiff meets the fourth factor because his "failure to respond to the Court's show cause order or filing anything in this

case since May 2025 'renders the imposition of lesser sanctions unlikely to prompt even dilatory compliance.'" *Id.* (quoting *Patton v. Phillips*, No. 7:22-CV-23- REW, 2022 WL 2980343, at *2 (E.D. Ky. July 28, 2022)).

The Report and Recommendation advised the parties that any objections must be filed within fourteen days. [R. 48, p. 4]. The time to file objections has passed, and neither party has filed any objections to the Report and Recommendation nor sought an extension of time in which to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation recommending Plaintiff's case be dismissed without prejudice for failure to prosecute. The Court agrees with the Magistrate Judge's conclusion that Plaintiff meets each of the four factors articulated in *Knoll*, 176 F.3d at 363, and that dismissal under Rule 41(b) is therefore warranted. Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, **[R. 48]**, is **ADOPTED** as the opinion of this Court.

2. Plaintiff's Second Amended Complaint, **[R. 14]**, is **DISMISSED WITHOUT PREJUDICE**.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

4. The Court will enter a corresponding Judgment.

   This the 10th day of February, 2026.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY